## BARR'S APPEAL.

An adult daughter, who had lived with decedent as a member of his family, is entitled to $300 exemption a ainst creditors, in the absence of a widow and minor children.

Appeal from the Orphans' Court of Northumberland County. No. 9 January Term, 1883.

Henry Reader died on September 28th, 1881, insolvent, leaving to survive him seven adult children, but no widow. Sophia Reader, his daughter, aged forty-five, had set apart to her $300 worth of the real estate of the decedent. The Orphans' Court refused to set aside the appraisement, in the following opinions per

ROCKEFELLER, P. J.

The following affidavit was read at the argument by both parties, and admitted as the facts of the case :

"Sophia Reader being duly sworn according to law, deposeth and says that she is the youngest child of Henry Reader, late of McEwensville, in said county, deceased, and that her age is 45 years ; that decedent left no widow to survive him, but left seven children living at his decease, all of whom excepting deponent, the youngest at the time of his death were married and were doing for themselves; that deponent, at time of his death, was and still is unmarried, and was living with decedent, and was supported by him, and was a member of his family; that she, deponent, has always lived with decedent, her father, dependent upon and supported by him up to the time of his death; that by decedent's, her father's death, she is left without means of support, and in a destitute condition unless some provision is made for her immediate wants out of her said father's estate."

In the case of the estate of John R. Steel, deceased, 9 W. N. C., 274, it was held that "adult children, married, and having adequate maintenance and means of livelihood, are not entitled to the exemption provided by the Act of 14th April, 1851." The Court in that case went so far as to remark that the Act has never been construed to include adult children of a decedent, although they may have resided with him as a part of his family." The case was in the Orphans' Court of

Philadelphia, and entitled to respect, but is not binding authority. This remark of Judge Hanna's formed no part of his decision; the case before him was a claim by persons who were no part of the decedent's family, married, and having means of support of their own. I am aware that in several cases, especially those decided in the lower Courts, it is said that "if a decedent dies leaving no widow, but MINOR children, they are entitled to the benefits intended by the Act and the proper practice is to claim the exemption through their guardian regularly appointed." Estate of John R. Steel, supra. Estate of James Alexander, 35th Legal Intelligencer, 491, opinion by Jessup, P. J. The latter case was a claim by minor children, and the question as to adults did not arise. I have examined all the cases cited by counsel and such as I have been able to find, and nowhere has it been intimated by the Supreme Court that a child over its majority who is a member of the immediate family of the decedent, who has not gone out from the paternal roof to provide for himself, is not entitled to the benefit of the Act. I am of opinion that the Act applies in all cases where there has been no severance of the immediate family relation by the party to be affected by it. It is true in Tiernan vs. Binns, 92 Pa., 248, Judge Paxson made use of this expression: "We are not embarrassed by the question of the possible rights of minor children for whose benefit the act was in part intended." His attention was not called to the question now before the Court in deciding that case. The Act of Assembly does not say the minor children, but "the widow or children." In Nevin's Appeal, 11th Wright, 230, Judge Strong says: "The Act has always been construed rather according to its spirit than its letter;" but in speaking of the claims of children he was sufficiently guarded so as not to construe it to mean minor children alone. He says: "the same regard for the manifest intention of the Legislature requires us to hold that children who are adults, but are not members of the immediate family of the decedent, but have gone out from the paternal home to provide for themselves are not the beneficiaries intended," as much as to say that children who are adults, but who are members of the immediate family of the decedent and have not gone

out from the paternal home to provide for themselves are the beneficiaries intended." It is plain that he was considering and deciding a case of adult children, who were no members of the family. A child is a child at all ages. Webster says: "In strictness a child is a shoot, issue or produce of the parents; any person of any age, in respect to the parents is a child." A person may have half a dozen sons and daughters ranging between the ages of 18 and 30, all unmarried and having no adequate maintenance and means of livelihood, all at home and members of his immediate family, and what is there in the spirit or the letter of the Act to prevent them all from participating of its benefits, the adults as well as the minors? This old man left a daughter, one who had always lived with him as a member of his family, and the admitted facts in the case make it as strong perhaps as if it was a claim by a child but a year old. As at present advised I have concluded to allow this claim, but at the argument it was understood that if the Court determined that Miss Reader is entitled to the benefit of the Act, then depositions are to be taken on the exceptions that the property was appraised below its value. The parties may take depositions and the Court reserves the right to decide finally on the whole case until after the hearing on the question of value.

By the Court: The testimony taken since the former opinion of the Court was filed does not materially change the facts. That Sophia Reader is an adult child of Henry Reader, the decedent; that she was at the time of his death and still is unmarried; that she resided with him at that time and was supported by him; that she was a member of his immediate family; that she never went out from the paternal home to provide for herself, but remained at home unmarried, at the request of her father and mother, and that by the death of her father she is left without means of support and in a destitute condition, are facts established by the undisputed evidence and admissions of the parties. The Act of 26th April, 1850, P. L. 581, makes provision for the widow and children, "who were residing with him at the time of his death," where the estate is insolvent. The Act of 14th April, 1851, P. L., page 613, gives the widow or children property to the value of $300, and

says nothing as to their residence with the decedent, nor as to his solvency or insolvency.

These acts have always been construed together and according to their spirit rather than their letter. They were intended to make a temporary provision for the widow and those immediately dependent upon the deceased. The spirit of these Acts do not, in my opinion, limit the bounty of the Legislature to the minor children alone, and no Court, I think, has ever said so. Judge Thompson did not think so in Nevin's Appeal, 11 Wright 231, when he said : "Certainly the children of a decedent, who formed part of his family, and derived their support from him, are, equally with the widow, entitled to consideration and protection ; and even though they may in this case HAVE REACHED ADULT AGE, their necessity may be as great as hers." Nor did the Supreme Court think so in the same case, when Judge Strong says : "In a certain sense the widow is a trustee for herself and the family, not, however, for herself and adult children, *who are no members of the family.*" Even minor children would not be included by the express terms of the act of 1850 if they did not reside with their parent at the time of his death. I conclude, therefore, that residence, membership of the family and dependence upon the deceased are the true tests, without regard to age. If the Legislature had intended otherwise it would have been easy to have said so in appropriate language. In deciding upon questions arising under the Acts of Assembly on this subject, Judges have frequently used the terms: "Widow or minor children of any decedent;" but the word minor is not in the Acts, and the words of the Act of 1850 include all children "who were residing with him at the time of his death." The property is not to be sold, "but suffered to remain for the use of the widow and family," are the words of both Acts. The question is, who constitutes the family ? If adults have never left the parental home and have always remained in the family as members thereof, dependent upon and supported by the parent, are they not a part of his family ?

In regard to the valuation, some of the witnesses think it was a fair one, whilst others think the property was appraised a little too low. Where the evidence is about equally bal-

anced and there is no fraud, the Court generally adopts the valuation put upon the property by the appraisers, the persons designated by law to examine the premises and make a true valuation under oath.

The exceptions are dismissed and the report of the appraisers approved.

---

Thomas Barr and Edward L. Matchin, judgment creditors of Henry Reader then appealed to the Supreme Court.

*Oscar Foust, Esq.*, for appellants, argued that an adult child able to support herself, is not entitled to the $300 exemption; Nevin's Appeal, 47 Pa., 230; Steel's Estate, 9 W. N. C., 274.

The Supreme Court affirmed the decree of the Orphans' Court on May 14, 1883, in the following opinion,

PER CURIAM.

The Act of Assembly gives to the widow or the children of a decedent the right to retain $300 out of the decedent's estate. The Act fixes no age or circumstances which shall deprive the children of a right to so claim. This Court, in view of the spirit of the law, has held that an adult child living apart from the father's family and not dependent on him for support, is not entitled to claim under this statute. Here the appellee always lived with her father, the decedent, as a member of his family. She continued with him after she arrived at the age of twenty-one, just as she had before. She remained as a child, not as a servant. The language of the Act does not bar her claim. The spirit and purpose thereof in providing this sum for the family give it to her. She fills the requirement of the statute.

> Decree affirmed and appeal dismissed at the costs of the appellant.